## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re:** | CHAPTER 13 |
| **DONALD WILLIAM THORNTON,** | BANKRUPTCY NO. 23-11494-MDC |
| Debtor. | Hearing Date: October 19, 2023<br>Hearing Time: 9:30 a.m.<br>Hearing Place: Courtroom 2 |

### OBJECTION OF MONTGOMERY COUNTY TAX CLAIM BUREAU
### TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

Montgomery County Tax Claim Bureau ("MCTCB"), by and through its undersigned counsel, hereby Objects to the Confirmation of the Chapter 13 Plan of Donald William Thornton (the "Debtor"), and in support thereof, states as follows:

**I. PARTIES AND JURISDICTION**

1. On or about May 22, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 (the "Fifth Bankruptcy Case") of the United States Bankruptcy Code, 11 U.S.C. §101, *et seq.* (the "Bankruptcy Code").

2. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 1325 and 1325 and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3015.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and/or 1409.

**II. BACKGROUND**

4. This is the Debtor's fifth bankruptcy filing since 2005 and on July 15, 2022 this Court granted the Debtor a hardship discharge in his fourth bankruptcy case.

5. On October 1, 2007, after his two prior bankruptcies had been dismissed for failure to make plan payments (04-13914-DWS and 05-18822-DWS), and in order to avoid the filing of

a Motion to Dismiss his third bankruptcy case in a three year period (07-14129-MDC, the "Third Bankruptcy Case") with prejudice, the Debtor consented an order being entered stating that if the Third Bankruptcy Case was "dismissed for any reason, it shall be with prejudice; debtor(s) shall be prohibited from filing, individually or jointly, any subsequent bankruptcy case without prior approval of the Court." A copy of the October 1, 2007 Order is attached hereto as Exhibit "A" and incorporated herein.

      6.      The October 1, 2007 Order went on to state that the:

> Consent Order shall be effective without any further reference to its terms in any subsequent dismissal of this case, regardless of the circumstances of the dismissal, the identity of the party moving for the dismissal, or the express terms of the order dismissing the case. The dismissal of the case, in and of itself shall be sufficient to effectuate this Consent order and the barring of the debtor(s) from further filings in accordance with its terms.

See Exhibit "A."

      7.      The Debtor voluntarily dismissed the Third Bankruptcy Case on April 4, 2008 thus effectuating the bar to re-filing a new bankruptcy without prior court approval.

      8.      On September 11, 2017, the Debtor filed an expedited motion for leave to file a new Chapter 13 case [D.N. 74 and 75 on the Third Bankruptcy Case docket] (the "Motion for Leave") for the express purpose of staying the September 21, 2017 tax sale of the Debtor's real property located at 613 Northampton Road, East Norriton, PA 19403 (the "Property"). A copy of the Motion for Leave is attached hereto as Exhibit "B"; see ¶¶ 7 and 8.

      9.      On September 14, 2017, MCTCB filed an objection to the Motion for Leave [D.N. 82 on the Third Bankruptcy Case docket] and on the same day, with the consent of MCTCB in exchange for the Debtor agreeing to a bar order in the event of the dismissal of a new bankruptcy filing, the Bankruptcy Court granted the Motion for Leave [D.N. 84 on the Third Bankruptcy Case docket] and required the Debtor and MCTCB to file a stipulation providing for a bar order.

10. On September 19, 2017, the Debtor filed his fourth bankruptcy case (the "Fourth Bankruptcy Case") and on November 20, 2017, the bankruptcy Court entered a Consent Order (the "Consent Order") [D.N. 19 on the Fourth Bankruptcy Case docket] providing that in exchange for the withdrawal of the Objection and the entry of an Order permitting the Debtor to file a Chapter 13 Bankruptcy, the Debtor agreed and the Bankruptcy Court Ordered that if the Fourth Bankruptcy was dismissed for any reason, it shall be with prejudice and the Debtor shall be prohibited from filing, individually or jointly, any subsequent bankruptcy case without prior approval of the Court. A copy of the Consent Order is attached hereto as Exhibit "C".

11. In the Consent Order, the Debtor acknowledges that during the hearing on the Motion for Leave, the Debtor made representations that he had experienced a change in circumstances which would allow him to fund a confirmable Chapter 13 Plan that would, inter alia, pay MCTCB's allowed secured claim in full with statutory interest.

12. In the Debtor's Schedules of Assets and Liabilities, the Debtor dedicated $550.00 of his regular monthly income to the payment of post petition real estate taxes. A copy of the Debtor's Schedules I and J are attached hereto as Exhibit "D".

13. October 3, 2017, MCTCB timely filed a secured proof of claim in the Debtor's Fourth Bankruptcy Case in the amount of $21,606.71 plus interest at a statutory rate of nine percent (9%) per annum for tax years 2013, 2014, 2015 and 2016 (the "Fourth Bankruptcy Claim"). See 11 U.S.C. § 506(a), 53 P.S. § 7102 and 72 P.S. § 5860.306. A copy of MCTCB's proof of claim is attached hereto as Exhibit "E".

14. On May 1, 2018, the Bankruptcy Court entered an Order confirming the Debtor's Fourth Amended Chapter 13 Plan [D.N. 51 on the Fourth Bankruptcy Case docket].

15. After two Motions to dismiss for failure to make plan payments filed by the Chapter 13 Trustee, on March 20, 2022 the Debtor filed a Motion to Approve an Amended Chapter 13 Plan pursuant to 11 U.S.C. §1329 (the "Motion to Modify") [D.N. 77 on the Fourth Bankruptcy Case docket] alleging that the Debtor had suffered a "material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID-19) pandemic" and proposed to extend the plan term to 69 months.

16. On April 6, 2022, MCTCB filed a limited objection to the Motion to Modify (the "Limited Objection") [D.N. 82 on the Fourth Bankruptcy Case docket] and pointed out that as of the time of the filing of the Limited Objection, the Debtor had accumulated in excess of $32,000.00 in additional unpaid post petition property taxes for tax years 2017, 2018, 2019, 2020 and 2021. A Tax Certification dated March 20, 2022 is attached hereto as Exhibit "F".

17. The failure to pay any post petition taxes was particularly troubling considering that the Debtor dedicated $550.00 per month, or approximately $30,000.00 during the Fourth Bankruptcy, to the payment of real estate taxes.

18. MCTCB did not take any position on the Debtor's allegations that the Debtor had experienced a material financial hardship either directly or indirectly by the COVID-19 pandemic, but objected because the proposed modified Plan did not pay additional post petition interest to which MCTCB was entitled as an over secured creditor pursuant to 11 U.S.C. § 506(a), 53 P.S. § 7102 and 72 P.S. § 5860.306.

19. On April 27, 2022, the Debtor filed a motion for a hardship discharge and on June 6, 2022 the Debtor withdrew the Motion to Modify.

20. On June 7, 2022, the Debtor's Motion for a hardship discharge was granted without opposition [D.N. 93 on the Fourth Bankruptcy Case docket].

21. On July 15, 2022, the Debtor received a hardship discharge [D.N. 97 on the Fourth Bankruptcy Case docket].

22. The Trustee's Final Report reflects that MCTCB's allowed secured claim was not paid in full in the Fourth Bankruptcy Case. A copy of the Trustee's Final Report is attached hereto as Exhibit "G".

23. On May 22, 2023, less than a year after receiving a discharge, the Debtor filed the Fifth Bankruptcy Case, again preventing the Property from being sold at the September 21, 2023 Montgomery County Tax Claim Bureau tax sale.

24. On or about September 13, 2023, the Debtor also filed a First Amended Chapter 13 Plan (the "Plan") proposing to pay $1,001.31 per month for three (3) months and $1,259.56 per month for fifty-seven (57) months thereafter, for a total of $72,796.23 over sixty (60) months. A copy of the Plan is attached hereto as Exhibit "H" and incorporated herein.

25. On September 25, 2023, MCTCB filed a secured proof of claim in the Debtor's bankruptcy case in the amount of $59,459.11 [Claim No. 5-1] for property taxes on the Property covering the years 2015 through 2022 including interest accruing at a statutory rate of nine percent (9%) per annum. See 53 P.S. § 7102 and 72 P.S. § 5860.306 (the "Claim"). A copy of MCTCB's proof of claim is attached hereto as Exhibit "I" and incorporated herein.

### III. OBJECTION TO THE DEBTOR'S CHAPTER 13 PLAN

26. Pursuant to Section 1325 of the Bankruptcy Code, the Court may not confirm a Chapter 13 Plan that has not been proposed in good faith. 11 U.S.C. § 1325(a)(3).

27. Section 1325(a) of the Bankruptcy Code also dictates that the Court may not confirm a Chapter 13 Plan which does not provide that (i) the holder of a secured claim, such as MCTCB, retains its lien securing the claim until the earlier of the payment of the debt as

determined by nonbankruptcy law or the Debtor receives a discharge; and (ii) if the Debtor's case is dismissed or converted prior to the Plan being completed, the lien securing the claim shall be retained to the extent recognized by applicable nonbankruptcy law.  11 U.S.C. § 1325(a)(5)(B)(i).

28. Pursuant to Section 1325(a)(5)(B)(ii) of the Bankruptcy Code, in order for the Debtor's Plan to be confirmable, it must propose to "pay the present value, as of the effective date of the plan, of the full allowed secured claim." In re Gonzalez, 553 B.R. 511, 517 (Bankr. E.D. Pa. 2016) (citing 8 Collier on Bankruptcy ¶1325.06[3] (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2016); Keith M. Lundin, Chapter 13 Bankruptcy §101.1 (4th ed. 2016)).

29. In addition, "[t]he 'present value' requirement mandates, in the absent of consent, that the plan provide for post-confirmation interest on a creditor's allowed secured claim." Id. (citing In re Soppick, 516 B.R. 733, 752-53 (Bankr. E.D. Pa. 2014)).

30. 11 U.S.C. § 1325(a)(6) provides that the court shall confirm a plan if the debtor will be able to make all payments under the plan and to comply with the plan.

31. MCTCB does not accept the Plan.

32. The Plan does not propose to pay the present value of the MCTCB Claim. The Debtor's Plan proposes to pay MCTCB $59,765.80; however the Plan does not include interest to MCTCB which is statutorily required.

33. The Plan does not provide that MCTCB retains its lien securing the Claim until the earlier of (i) the payment of the Claim determined under nonbankruptcy law; or (ii) a discharge under section 1328 of the Bankruptcy Code.

34. The Plan does not provide that if the Debtor's case is dismissed or converted prior to the Plan being completed, the lien securing the Claim shall be retained to the extent recognized by applicable nonbankruptcy law.

35. The Plan was not filed in good faith.

36. The Plan is not feasible, in that the Debtor lists the exact same amount that will be paid toward post petition real estate taxes as was dedicated in the Fourth Bankruptcy Case; however, as is clear from the Debtor's Schedules, the Plan and MCTCB's proof of claim, the Debtor chose to divert those funds elsewhere and left post petition taxes unpaid in the Fourth Bankruptcy Case. There are no assurances that the Debtor will not do the same thing in the Fifth Bankruptcy Case and if he actually pays the post petition taxes during the Fifth Bankruptcy Case, there are no assurances he will be able to make the Plan payments considering the Debtor's conduct in the Fourth Bankruptcy Case.

37. For the aforementioned reasons, MCTCB respectfully submits that the Debtor's Plan is not confirmable and this Court should enter an Order denying confirmation of the Plan.

[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

WHEREFORE, MCTCB hereby requests that this Honorable Court enter the attached form of Order sustaining the objection to the confirmation of the Debtor's Plan and such other relief as is just and equitable.

OBERMAYER REBMANN MAXWELL & HIPPEL LLP

Dated: October 9, 2023    By: */s/ Michael D. Vagnoni*
Michael D. Vagnoni, Esquire
Centre Square West
1500 Market Street, Suite 3400
Philadelphia, PA 19102
*Counsel to Montgomery County Tax Claim Bureau*